Patrick M. Flatley
United States Bankruptcy Judge
Dated: Tuesday, September 06, 2011 3:23:57 PM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROBERT KRAMP and ) | |
| KIMBERLY KRAMP, ) | Case No. 10-1681 |
| ) | |
| Debtors. ) | Chapter 13 |
| _____ ) | |

**MEMORANDUM OPINION**

Robert and Kimberly Kramp (the "Debtors") seek confirmation of their Chapter 13 plan that allows them to make direct payments on a Harley Davidson motorcycle while repaying their unsecured creditors 5% of their allowed claims. For the reasons stated herein, the court will deny confirmation of the Debtors' proposed plan because the Debtors' plan has not been proposed in good faith under 11 U.S.C. § 1325(a)(3).

On August 4, 2010, the Debtors filed for relief under Chapter 13 of the Bankruptcy Code, and, on August 26, 2010, the Debtors filed their plan of reorganization. All parties in interest received notice of the proposed plan and had an opportunity to object. On April 22, 2011, a hearing was held to consider confirmation of the Debtors' plan, at which time the Chapter 13 Trustee recommended confirmation and notified the court that she would prepare an order confirming the plan. On May, 2, 2011, the proposed order confirming the Debtors' plan was filed with the court.

Bankruptcy courts may confirm a chapter 13 plan only if, among other things, the plan has been proposed in good faith. 11 U.S.C. § 1325(a)(3). Notably, bankruptcy courts have an independent obligation to ensure that proposed plans comply with applicable provisions of the Code. *See e.g.*, *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1381 (2010) ("[T]he Code makes plain that bankruptcy courts have the authority - indeed, the obligation - to direct a debtor to conform his plan to the requirements of §§ 1328(a)(2) and 523(a)(8)."); *In re Martin*, 444 B.R. 538 (Bankr.M.D.N.C. 2011) ("Bankruptcy courts cannot confirm plans that do not comply with the Code

simply because a creditor fails to come forward.").

A good faith determination under § 1325(a)(3) is made based on the totality of the circumstances, *In re Delbrugge*, 347 B.R. 536, 540 (Banrk.N.D.W. Va. 2006), and consideration of a number of factors, including: the debtor's financial situation, the percentage of proposed repayment, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor. *Neufeld v. Freeman*, 794 F.2d 149, 152 (4th Cir. 1986). The Fourth Circuit further instructs that "[t]he object of the inquiry is to determine whether or not, considering 'all militating factors,' there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." (Citation omitted).

Here, the Debtors are both employed and earn a combined annualized income of $103,938.00. The Debtors' monthly disposable income, as calculated on Official Form B22C ("Form 22C"), is $1,046.10 . The Debtors' proposed plan contemplates monthly plan payments of $2,500.00 to be made to the trustee, of which $1,871.00 is to be paid as the Debtors' on-going mortgage payment, leaving an estimated 5% dividend to be paid to unsecured creditors during the court of the Debtors' 60-month plan. Mr. Kramp has been employed as a truck driver by Giant Foods for 22 years, and Mrs. Kramp has been employed as an administrative assistant by Valley Health for 4 years. It appears that their employment will continue into the future. The Debtors have $36,527.50 in unsecured debt, a large portion of which is a result of the Debtors' credit accounts. According to the Debtors' Schedule B, they own 3 vehicles, including a 2008 Harley Davidson. On Schedule J, the Debtors list their monthly payment on the motorcycle at $410.00, which they propose to pay directly to Tower Federal Credit Union for 48 months, in full satisfaction of the obligation secured by the motorcycle.

Although it appears that the Debtors have been honest and forthright, a plan that deprives unsecured creditors of $19,680.00 ($410.00 * 48 = $19,680.00) while making direct payments on a debt secured by a luxury item fails to satisfy the good faith requirement of § 1325(a)(3). *See In re Kelly*, 416 B.R. 232, 239 (Bankr.E.D.Va. 2009) ("Having considered all the circumstances, the court is left with the conviction that the plan does not represent an honest effort to repay creditors to the extent that the debtor's financial ability and circumstances will permit."). The purpose of Chapter 13 is to ensure that those debtors who can repay their creditors do repay their creditors.

*Ransom v. FIA Card Services, N.A.*, 131 S.Ct. 716, 725 (noting that Congress drafted BAPCPA with the purpose of ensuring that debtors repay creditors the maximum amount they can afford).

Therefore, the court will deny confirmation of the Debtors' proposed plan that forces unsecured creditors to pay for the Debtors' retention of a luxury item as not being proposed in good faith. *See e.g.*, *In re McNeely*, 366 B.R. 542, 548 (Bankr.N.D.W. Va. 2007) (denying confirmation based on debtors' failure to satisfy the "good faith" test of § 1325(a)(3) where debtors proposed to repay their unsecured creditors 7.54% of the allowed claims while paying $465.88 a month to maintain the on-going payments on their obligation secured by a houseboat); *In re Allawas*, C/A No. 07-06058-HB, 2008 WL 6069662 (Bankr.D.S.C. March 3, 2008) (denying confirmation of the debtor's plan that proposed a 1% repayment to general unsecured creditors while retaining and paying for her motorcycle).

The court will enter a separate order denying confirmation of the Debtors' proposed plan.